16-4302
*Singh v. Barr*

BIA
Segal, IJ
A200 282 159

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand nineteen.

PRESENT: ROBERT A. KATZMANN,
    *Chief Judge*,
   CHRISTOPHER F. DRONEY,
   RICHARD J. SULLIVAN,
    *Circuit Judges.*

_____

GUPREET SINGH,
   *Petitioner*,

  v.           16-4302

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
   *Respondent*.

_____

FOR PETITIONER:    Dalbir Singh, New York, NY.

FOR RESPONDENT:   Chad A. Readler, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Gupreet Singh, a native and citizen of India, seeks review of a December 2, 2016, decision of the BIA affirming a January 5, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gupreet Singh,* No. A 200 282 159 (B.I.A. Dec. 2, 2016), *aff'g* No. A 200 282 159 (Immig. Ct. N.Y. City Jan. 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

To show eligibility for asylum, an applicant must establish past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). Here, because the IJ concluded that Singh established past persecution, he was entitled to a presumption of "a well-founded fear of persecution on the basis of the original claim." 8 C.F.R. § 1208.13(b)(1). It is the government's burden to overcome that presumption, which it can do by establishing by a preponderance of the evidence that "the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii); *Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010). In determining whether internal relocation would be reasonable, an

2

IJ can "consider . . . whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3).

Here, the government failed to produce any evidence to support a relocation finding. The IJ's decision was therefore based almost entirely on evidence outside of the record of which it took administrative notice. However, the IJ did not cite any sources for these findings. *See*, *e.g.*, CAR at 41 (taking "administrative notice of the fact that the Congress Party no longer controls certain localities within India," but citing no source). We cannot review the IJ's decision if we do not know the evidence on which it relied. *See Xiao Kui Lin v. Mukasey*, 553 F.3d 217, 221-22 (2d Cir. 2009) ("The BIA's failure to cite any support for its determination of Chinese national policy prevents this finding from serving as a valid basis for its decision."). *Cf. Shao v. Mukasey*, 546 F.3d 138, 167 (2d Cir. 2008) (absent notice and opportunity to be heard, denying relief based solely on judicially noticed facts not in the State Department's most recent report violates due process).

Our review is limited to the administrative record, *see* 8 U.S.C. § 1252(b)(4)(A), and there is no evidence in the record to confirm the IJ's findings. Accordingly, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** for further development of the record on these points.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3